# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PARALLEL IRON, LLC**<br><br>　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**ORACLE CORPORATION,**<br><br>　　　　　　　　**Defendant.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Parallel Iron, LLC, files this complaint for patent infringement against Defendant Oracle Corporation:

## PARTIES

1. Plaintiff Parallel Iron, LLC ("Parallel Iron") is a Texas limited liability company.

2. On information and belief, Defendant Oracle Corporation ("Defendant") is a Delaware corporation with its principal executive offices at 500 Oracle Parkway, Redwood City, California, 94065. Defendant may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's jurisdiction because it has transacted business in the District and in the State of Delaware. Specifically, Defendant either directly and/or through intermediaries, on information and belief, ships, distributes, offers for sale, sells (including via the provision or use of such services over the

Internet) products and services in this District. Additionally, Defendant is a corporate entity organized and existing under the laws of the State of Delaware. On information and belief, Defendant thus has minimum contacts with this District and State, has purposefully availed itself of the privileges of conducting business in this District and State, regularly conducts and solicits business within the State of Delaware, and has committed acts of patent infringement in this District and State.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

6. In this technological age, we take for granted the ability to access tremendous amounts of data through our computers and the Internet, a process that seems effortless and unremarkable. But this apparent effortlessness is an illusion, made possible only by technological wizardry. The amount of information that is used by many companies has outstripped the storage capacity of individual memory devices. The information must be stored across hundreds or thousands of individual memory devices and machines. The ability to keep track of information as it is distributed across numerous devices and machines, while still allowing users to retrieve it seamlessly upon request, is a feat that was impossible until recently in history. It is a feat that was made possible by the innovations of technological pioneers like Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, and David James Herbison.

7. Bullen, Dodd, Lynch and Herbison were, among others, members of a company that dedicated itself to solving the difficult problems that limited the capacity of technology and the Internet, particularly problems concerning data storage. These engineers found innovative solutions for these problems and patented several technologies for data storage, including the one at issue in this case. Many of the data access feats we take for granted today are possible because of the data-storage inventions of Bullen, Dodd, Lynch and Herbison.

8. One of their inventions created a new way of storing massive amounts of information across multiple memory devices that allows the storage system to track the information and quickly retrieve it. In 2002, they applied for a patent on this invention, which the United States Patent Office issued in 2008 as U.S. Patent No. 7,415,565. They assigned the invention to the company in which they were members.

9. Defendant is a technology company that has been using Bullen, Dodd, Lynch and Herbison's invention, benefiting from the hard work of these engineers, without their knowledge or consent, and without compensating them or their company.

## CAUSES OF ACTION — COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,415,565

10. Parallel Iron alleges and incorporates by reference paragraphs 1 - 9 above.

11. Parallel Iron is the owner by assignment of United States Patent No. 7,415,565 ("the '565 patent") entitled "Methods and Systems for a Storage System With a Program-Controlled Switch for Routing Data." The '565 patent was duly and legally issued by the United States Patent and Trademark Office on August 19, 2008. A true and correct copy of the '565 patent is attached as Exhibit A.

12. Upon information and belief, Defendant has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a product or products, including but not limited to products based on the Parallel Network File System (pNFS), that are covered by one or more claims of the '565 patent, including but not limited to claim 1 of that patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '565 patent, Defendant has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

13. As a result of Defendant's past infringement of the '565 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for Defendant's past use of the invention, together with interest and costs as fixed by the Court. Parallel Iron will continue to suffer these monetary damages in the future unless Defendant's infringing activities are enjoined by this Court.

14. Parallel Iron will be irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '565 patent by Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with them.

## **PRAYER FOR RELIEF**

For the above reasons, Parallel Iron respectfully requests that this Court enter:

a. A judgment in favor of Parallel Iron that Defendant has infringed the '565 patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of the '565 patent;

c. A judgment and order requiring Defendant to pay Parallel Iron its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '565 patent as provided under 35 U.S.C. § 284; and

d. Any and all other relief to which Parallel Iron may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff Parallel Iron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 19, 2012

Of counsel:

**SNR DENTON US LLP**
Mark L. Hogge
Shailendra Maheshwari
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005-3364
mark.hogge@snrdenton.com
shailendra.maheshwari@snrdenton.com
T: (202) 408-6400
F: (202) 408-6399

Steven M. Geiszler
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201-1858
steven.geiszler@snrdenton.com
T: (214) 259-0900
F: (214) 259-0910

**BAYARD, P.A.**

 /s/ Richard D. Kirk
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
(302) 655-5000

*ATTORNEYS FOR PLAINTIFF PARALLEL IRON, LLC*